# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 E. 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

November 25, 2020

**VIA ECF**

Honorable Valerie E. Caproni, U.S.D.J.
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:  Candido Basurto et al v. Original Ray's Inc. et al, 1:19-cv-09748-VEC

Your Honor:

This office represents the Plaintiff in the above referenced matter.  Plaintiff writes, jointly with Defendants as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015)[1]. The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions during and following a September 22 mediation session.  Countersigned copies of the Agreement are attached hereto as Echibis A and B.

Plaintiff alleges that he was employed by Defendants at Defendants' Manhattan pizza restaurant. Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Plaintiff alleges that Defendants engaged in numerous violations of the FLSA and NYLL, including failure to pay appropriate minimum and overtime wages, failure to pay spread-of-hours wages, failure to provide statutorily-required wage statements and wage notices, and violation of the anti-kickback provisions of the FLSA and NYLL.

### I.    The Proposed Settlement is Fair and Reasonable

Under the Agreement, Defendants will pay $26,000.00 to settle all claims. This settlement amount will be paid in twelve monthly installments. The first installment will be in the amount of $10,000.00, and the second through twelfth installments will each be in the amount of $1,454.54.

---

[1] Plaintiff presents this submission under protest. It is respectfully submitted that the *Cheeks* holding, requiring court-approval as a pre-requisite to an agreement resulting in dismissing  FLSA action with prejudice, has been called into question, if not implicitly overruled, by the Supreme Court's decision in *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134 (2018). Under *Navarro*, a Court cannot, in light of its perceptions of the remedial purpose of the FLSA, read the text of the FLSA in anything other than a "fair reading." *Navarro*, 138 S. Ct. 1142. All the more so, a Court cannot read into the FLSA a provision which the FLSA, fairly read, does not contain. "The FLSA is silent as to Rule 41," *Cheeks* ,796 F.3d at 201, and the *Cheeks* court, having admitting a lack of foundation for its holding in the text of the FLSA, concededly relied on its perception of the FLSA's "unique policy considerations." *Id*., 796 F.3d at 206. The Supreme Court has since repudiated this approach to the FLSA. *Navarro*, 138 S. Ct. 1142; see also *Secretary, U.S. Dep't of Labor v. Bristol Excavating, Inc. et al*., No. 17-3663 ( 3d Cir. Aug. 20, 2019).

November 25, 2020
Page 2
Hon. Valarie E. Caproni, U.S.D.J.

Plaintiff alleged that he is entitled to back wages from Defendants in the amount of approximately $35,442.50. Plaintiff estimates that if he had recovered in full for his claims, exclusive of attorney's fees, he would be entitled to approximately $94,867.50. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit C.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Significantly, Defendants vigorously contested the number of hours allegedly worked by Plaintiff. Moreover, Defendants' alleged limited ability to pay must be taken into account. The risks emanating from Defendants' asserted diminution of income, resulting from the slowdown in the restaurant industry in New York City as a result of the ongoing COVID-19 pandemic, were taken seriously in negotiating this settlement agreement.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II.     Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiff's counsel will receive $8,933.33 from the settlement fund as attorneys' fees and costs. This represents remuneration of the filing fee incurred in filing of the Complaint plus one third of the remainder of the recovery in this litigation. This is a reduction in fees from the provisions of Plaintiff's retainer agreements, which provide that forty percent of Plaintiff's recovery will be retained by the firm. The lodestar amount, as reflected on the invoice attached hereto as Exhibit D, is $7,002.50.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon

November 25, 2020
Page 3
Hon. Valarie E. Caproni, U.S.D.J.

settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of individuals who performed billed work on behalf of Plaintiff in this matter, including the effective billable rate which the parties' request that the Court apply should the Court undertake a "lodestar analysis of the fairness of such fees (see, e.g,., Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany, 493 F. 3d 110 (2d Cir. 2007):

    i.    Michael Faillace, Esq. ("MF"), the Managing Member of Michael Faillace & Associates, P.C., has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work is billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. See, e.g., Manley v. Midan Rest. Inc., No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

    ii.    I, Jordan Gottheim ("JG"), graduated from Fordham University School of Law in 2016. I have cultivated an expertise in labor and employment law through internships in my law school's clinical educational department and LexisNexis's Lexis Practice Advisor Labor and Employment Law module, and through wage and hour associate experience at Heng Wang & Associates, P.C. and, since January 2020, at Michael Faillace & Associates, P.C. My work is billed at a rate of $350 per hour.

    iii.    Jasmine Hernandez ("PL") is a paralegal at Michael Faillace & Associates, P.C.. She graduated from City University of New York Hunter College in May 2018 with a dual Bachelor of Arts in Anthropology and Political Science and joined the firm of Michael Faillace & Associates in April 2019. Ms. Hernandez's work is billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Manley, supra, Doc. No. 42, at *37; Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

November 25, 2020
Page 4
Hon. Valarie E. Caproni, U.S.D.J.

                        Respectfully submitted,

                        /s/ Jordan Gottheim
                        Jordan Gottheim
                        MICHAEL FAILLACE & ASSOCIATES, P.C.
                        Attorneys for the Plaintiff

Enclosures

cc: Defendants' Counsel (via ECF)