UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIRILO CANDIDO BASURTO, *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>ORIGINAL RAY'S INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), RIANA INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), ROSOLINO MANGANO, and TONY MANGANO,<br><br>Defendants. | 1:19-cv-9748<br><br>SETTLEMENT AGREEMENT<br>AND<br><u>RELEASE</u> |

    This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff CIRILO CANDIDO BASURTO ("Plaintiff") on the one hand, and, on the other hand, Defendant Corporations ORIGINAL RAY'S INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT) and RIANA INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), ("Defendant Corporations") and Individual Defendants ROSOLINO MANGANO and TONY MANGANO ("Individual Defendants"), (Defendant Corporations and Individual Defendants collectively denoted "Defendants"), (Plaintiff and Defendants collectively denoted "the Parties").

    WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

    WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 1:19-cv-9748 (hereinafter "the Litigation"), alleging, among other things, violations of federal and state wage and hour and overtime laws;

    WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained, it is hereby agreed as follows:

    1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff and his counsel, subject to the

terms and conditions of this Agreement, the gross sum of Twenty-Six Thousand Dollars and No Cents ($26,000.00) (the "Settlement Amount"), as follows:

(a) (1) <u>Installment 1</u>: Installment 1 shall become due ten days after the date on which the Court enters an Order approving this agreement. For Installment 1, Defendants shall timely remit to Plaintiff, through his counsel at the address provided for such counsel in Paragraph 1(b) below, the following: (i) A check, dated no later than the date on which the pertinent installment is due, in the amount of Three-Thousand Four-Hundred Thirty-Five Dollars and Eighty-Nine Cents ($3,435.89) made payable to "Michael Faillace & Associates, P.C."; and (ii) Another check, dated no later than the date on which the pertinent installment is due, in the amount of Six-Thousand Five-Hundred Sixty-Four Dollars and Eleven Cents ($6,564.11) made payable to "Michael Faillace & Associates, P.C, as Attorneys for Plaintiff Cirilo Candido Basurto."

(2) <u>Installments 2-12</u>: Installment 2 shall become due 30 days after the date on which Installment 1 is due (see 1(a)(1) above) is due. Each of Installments 3 through 12 shall become due 30 days after the date on which the previous installment became due. For each of Installments 2 through 12, Defendants shall timely remit to Plaintiff, through his counsel at the address provided for such counsel in Paragraph 1(b) below, the following: (i) A check, dated no later than the date on which the pertinent installment is due, in the amount of Four-Hundred Ninety-Nine Dollars and Seventy-Six Cents ($499.76) made payable to "Michael Faillace & Associates, P.C."; and (ii) Another check, dated no later than the date on which the pertinent installment is due, in the amount of Nine-Hundred Fifty-Four Dollars and Seventy-Eight Cents ($954.78) made payable to "Michael Faillace & Associates, P.C, as Attorneys for Plaintiff Cirilo Candido Basurto."

The check in the final installment made payable to "Michael Faillace & Associates, P.C, as Attorneys for Plaintiff Cirilo Candido Basurto" pursuant to subparagraph 1(a)(2)(ii) shall be in the amount of $954.83 rather than $954.78.

Failure of Defendants to timely pay all or part of the settlement amount in the matter prescribed in subparagraphs 1(a)(1) and 1(a)((2) shall render all Defendants in default with respect to this Agreement. Similarly, failure of any check(s) tendered in satisfaction of any part of the settlement amount to clear the account of the issuer of such check(s) upon Plaintiff's, or his counsel's, attempt to cash such check(s) shall render all Defendants in default with respect to this Agreement.

(b) The payments set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165. These payments shall be held in escrow by Plaintiff's counsel pending the Court's approval of this Agreement.

(c) Concurrently with the execution of this Agreement, the respective Defendants shall execute the Confessions of Judgment in the forms attached hereto as Exhibits A and deliver to Plaintiff's counsel copies of said executed Confessions of Judgment, together with an executed copy of this Agreement. Said Confessions of Judgment may be filed only in the event that (i) Defendants are in default with respect to this Agreement, as defined in Paragraph 1(a) above; and (ii) Defendants fail to cure such default within seven days of the giving of notice, in the manner prescribed in Paragraph 7 below, of such default.

(d) Upon payment of the entire Settlement Funds as outlined in Paragraph 1(a), the Confessions of Judgment shall be rendered null and void and Plaintiff shall return the Confessions of Judgment to Defendants' counsel or confirm in writing that the Confession of Judgment has been destroyed.

2. <u>Release and Covenant Not To Sue</u>: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, any and all of their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, with respect to wage and hour allegations which putatively arose during the time frame that was the subject of the Litigation, to wit, September 2017 through September 2019 ("the subject time period"). Included in this provision of release are any, with respect to wage and hour issues putatively arising during the subject time period, charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and litigation costs, whether fixed or contingent (hereinafter referred to as "claim" or "claims"). Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claim and/or counterclaims asserted in the Litigation that have occurred as of the Effective Date of this Agreement.

3. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by proper representatives of, respectively, Plaintiff and Defendants.

5. <u>Acknowledgments:</u> Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. <u>Default:</u> In the event of Default, as defined in Paragraph 1 above, the aggrieved party or parties shall be entitled to pursue judicial enforcement of the terms of this Agreement, including but not limited to the filing of the Confessions of Judgment referenced in Paragraph 1(c) above,, provided that no such court intervention shall be sought until seven days elapse following the giving of notice, in accordance with and as defined in Paragraph 7 below, to the defaulting party or parties.

In the event of Default, the aggrieved party or parties shall be entitled to recover from the defaulting party or parties all reasonable costs and attorneys' fees incurred in redressing or remedying such Default.

7. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and/or electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:
Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Email: michael@faillacelaw.com

To Defendants:
Michael K. Chong, Esq.
Law Offices of Michael K. Chong, LLC
2 Executive Drive, Suite 240
Fort Lee, NJ 07024
Email: MKC@mkclawgroup.com

8  <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York, and stipulate to jointly request that the United States District Court for the Southern District of New York and/or the Supreme Court of the State of New York exercise jurisdiction, in any subsequent proceeding to enforce this Agreement. Absent an explicit disavowal of retention of jurisdiction on the part of the United States District Court, such Court's approval of this Agreement shall be construed as an explicit retention of jurisdiction for purposes of enforcing the provisions of this Agreement.

9. <u>Enforceability</u>: If any provision(s) of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision(s) shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10. <u>Release Notification</u>: Defendants have afforded Plaintiff the opportunity to discuss the terms of this Agreement and release of claims with his legal counsel prior to his entering into the Agreement, and Plaintiff acknowledges that he had the opportunity to consult with Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of

such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**PLAINTIFF CIRILO CANDIDO BASURTO**

_____        Date: 11 23 20

**DEFENDANTS**

**ORIGINAL RAY'S INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT)**


_____        Date: _____
(signature)

Name (Print): _____ Title: _____

**RIANA INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT)**


_____        Date: _____
(signature)

Name (Print): _____ Title: _____

**ROSOLINO MANGANO**


_____        Date: _____

**TONY MANGANO**


_____        Date: _____

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------------------------- x

CIRILO CANDIDO BASURTO, *individually and on behalf of others similarly situated*,

                Plaintiff,

-against-

ORIGINAL RAY'S INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), RIANA INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), ROSOLINO MANGANO, and TONY MANGANO,

                Defendants.

**AFFIDAVIT OF JUDGMENT BY CONFESSION**

------------------------------------------------------- x

STATE OF _____ )
                          ss.:
COUNTY OF _____ )

ROSOLINO MANGANO, being duly sworn, deposes and says:

1. I am a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Southern District of New York.
2. I hereby confess judgment in this court in favor of Plaintiff CIRILO CANDIDO BASURTO ("Plaintiff") for the sum of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiff or his successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against me.
3. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:
    a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Southern District of New York against, inter alia, myself, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;
    b. The defendants to the lawsuit ("Defendants"), including myself, denied any wrongdoing;
    c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit, Defendants, including myself, agreed to, jointly and severally, pay the sum of $26,000 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in Paragraph 1 of the Settlement Agreement entered into between the parties, in twelve installments;

      d. In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiff is entitled to judgment against me in the amount of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts already paid.

4.     This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

Date: _____

By: _____
     ROSOLINO MANGANO

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------------------------------ x
CIRILO CANDIDO BASURTO, *individually*
*and on behalf of others similarly situated,*

                            Plaintiff,

-against-

ORIGINAL RAY'S INC. (D/B/A THE
ORIGINAL RAY'S PIZZA RESTAURANT),
RIANA INC. (D/B/A THE ORIGINAL
RAY'S PIZZA RESTAURANT), ROSOLINO
MANGANO , and TONY MANGANO,

                            Defendants.

**AFFIDAVIT OF JUDGMENT BY CONFESSION**

------------------------------------------------------------ x

STATE OF _____ )
                            ss.:
COUNTY OF _____ )

TONY MANGANO, being duly sworn, deposes and says:

1. I am a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Southern District of New York.
2. I hereby confess judgment in this court in favor of Plaintiff CIRILO CANDIDO BASURTO ("Plaintiff") for the sum of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiff or his successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against me.
3. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:
    a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Southern District of New York against, inter alia, myself, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;
    b. The defendants to the lawsuit ("Defendants"), including myself, denied any wrongdoing;
    c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit, Defendants, including myself, agreed to, jointly and severally, pay the sum of $26,000 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in Paragraph 1 of the Settlement Agreement entered into between the parties, in twelve installments;

      d. In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiff is entitled to judgment against me in the amount of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts already paid.

4.     This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

Date: _____

By: _____
     TONY MANGANO

SUPREME COURT OF THE STATE OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CIRILO CANDIDO BASURTO, *individually
and on behalf of others similarly situated*,

                            Plaintiff,

-against-

ORIGINAL RAY'S INC. (D/B/A THE
ORIGINAL RAY'S PIZZA RESTAURANT),
RIANA INC. (D/B/A THE ORIGINAL
RAY'S PIZZA RESTAURANT), ROSOLINO
MANGANO , and TONY MANGANO,

                            Defendants.

**AFFIDAVIT OF
JUDGMENT BY CONFESSION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF _____ )
                            ss.:
COUNTY OF _____ )

_____ , being duly sworn, deposes and says:

1. I am the _____ at ORIGINAL RAY'S INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), ("the Corporation"), a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Southern District of New York.
2. On behalf of the Corporation, I hereby confess judgment in this court in favor of Plaintiff CIRILO CANDIDO BASURTO ("Plaintiff") for the sum of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiff or his successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against the Corporation.
3. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:
    a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Southern District of New York against, inter alia, the Corporation, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;
    b. The defendants to the lawsuit ("Defendants"), including the Corporation, denied any wrongdoing;
    c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit, Defendants, including the Corporation, agreed to, jointly and severally, pay the sum of $26,000 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in

>   Paragraph 1 of the Settlement Agreement entered into between the parties, in twelve installments;
> d. In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiff is entitled to judgment against the Corporation in the amount of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts already paid.

4.      This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.


Date: _____


_____
(signature)

Name: _____        Title: _____



STATE OF _____ )
                                                    ss.:
COUNTY OF _____ )

On the ___ day of _____, 2020, before me, the undersigned, a Notary Public in and for the State of _____, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that (s)he executed the within instrument in his or her capacity and that by his or her signature on the instrument, the person or entity upon behalf of which the person acted executed the instrument.


_____
Notary Public

SUPREME COURT OF THE STATE OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CIRILO CANDIDO BASURTO, *individually*
*and on behalf of others similarly situated,*

                              Plaintiff,

-against-

ORIGINAL RAY'S INC. (D/B/A THE
ORIGINAL RAY'S PIZZA RESTAURANT),
RIANA INC. (D/B/A THE ORIGINAL
RAY'S PIZZA RESTAURANT), ROSOLINO
MANGANO , and TONY MANGANO,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT OF JUDGMENT BY CONFESSION**

STATE OF _____ )
                                  ss.:
COUNTY OF _____ )

_____ , being duly sworn, deposes and says:

1. I am the _____ at RIANA INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT) ("the Corporation"), a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Southern District of New York.
2. On behalf of the Corporation, I hereby confess judgment in this court in favor of Plaintiff CIRILO CANDIDO BASURTO ("Plaintiff") for the sum of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiff or his successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against the Corporation.
3. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:
    a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Southern District of New York against, inter alia, the Corporation, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;
    b. The defendants to the lawsuit ("Defendants"), including the Corporation, denied any wrongdoing;
    c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit, Defendants, including the Corporation, agreed to, jointly and severally, pay the sum of $26,000 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in

       Paragraph 1 of the Settlement Agreement entered into between the parties, in twelve installments;

   d. In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiff is entitled to judgment against the Corporation in the amount of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts already paid.

4.      This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

Date: _____

_____
(signature)

Name: _____       Title: _____

STATE OF _____ )
                               ss.:
COUNTY OF _____ )

On the \_\_\_ day of _____ , 2020, before me, the undersigned, a Notary Public in and for the State of _____ , personally appeared _____ , personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that (s)he executed the within instrument in his or her capacity and that by his or her signature on the instrument, the person or entity upon behalf of which the person acted executed the instrument.

_____
NOTARY PUBLIC