# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

## MEMO ENDORSED

November 25, 2020

<u>VIA ECF</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _11/30/2020_

Honorable Valerie E. Caproni, U.S.D.J.
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

Re:  Candido Basurto et al v. Original Ray's Inc. et al, 1:19-cv-09748-VEC

Your Honor:

This office represents the Plaintiff in the above referenced matter.  Plaintiff writes, jointly with Defendants as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015)[1]. The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions during and following a September 22 mediation session.  Countersigned copies of the Agreement are attached hereto as Echibis A and B.

Plaintiff alleges that he was employed by Defendants at Defendants' Manhattan pizza restaurant. Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Plaintiff alleges that Defendants engaged in numerous violations of the FLSA and NYLL, including failure to pay appropriate minimum and overtime wages, failure to pay spread-of-hours wages, failure to provide statutorily-required wage statements and wage notices, and violation of the anti-kickback provisions of the FLSA and NYLL.

## I.      The Proposed Settlement is Fair and Reasonable

Under the Agreement, Defendants will pay $26,000.00 to settle all claims. This settlement amount will be paid in twelve monthly installments. The first installment will be in the amount of $10,000.00, and the second through twelfth installments will each be in the amount of $1,454.54.

---

[1] Plaintiff presents this submission under protest. It is respectfully submitted that the *Cheeks* holding, requiring court-approval as a pre-requisite to an agreement resulting in dismissing  FLSA action with prejudice, has been called into question, if not implicitly overruled, by the Supreme Court's decision in *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134 (2018). Under *Navarro*, a Court cannot, in light of its perceptions of the remedial purpose of the FLSA, read the text of the FLSA in anything other than a "fair reading." *Navarro*, 138 S. Ct. 1142. All the more so, a Court cannot read into the FLSA a provision which the FLSA, fairly read, does not contain. "The FLSA is silent as to Rule 41," *Cheeks* ,796 F.3d at 201, and the *Cheeks* court, having admitting a lack of foundation for its holding in the text of the FLSA, concededly relied on its perception of the FLSA's "unique policy considerations." *Id*., 796 F.3d at 206. The Supreme Court has since repudiated this approach to the FLSA. *Navarro*, 138 S. Ct. 1142; see also *Secretary, U.S. Dep't of Labor v. Bristol Excavating, Inc. et al*., No. 17-3663 ( 3d Cir. Aug. 20, 2019).

November 25, 2020
Page 2
Hon. Valarie E. Caproni, U.S.D.J.

Plaintiff alleged that he is entitled to back wages from Defendants in the amount of approximately $35,442.50. Plaintiff estimates that if he had recovered in full for his claims, exclusive of attorney's fees, he would be entitled to approximately $94,867.50. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit C.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Significantly, Defendants vigorously contested the number of hours allegedly worked by Plaintiff. Moreover, Defendants' alleged limited ability to pay must be taken into account. The risks emanating from Defendants' asserted diminution of income, resulting from the slowdown in the restaurant industry in New York City as a result of the ongoing COVID-19 pandemic, were taken seriously in negotiating this settlement agreement.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

## II. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiff's counsel will receive $8,933.33 from the settlement fund as attorneys' fees and costs. This represents remuneration of the filing fee incurred in filing of the Complaint plus one third of the remainder of the recovery in this litigation. This is a reduction in fees from the provisions of Plaintiff's retainer agreements, which provide that forty percent of Plaintiff's recovery will be retained by the firm. The lodestar amount, as reflected on the invoice attached hereto as Exhibit D, is $7,002.50.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon

November 25, 2020
Page 3
Hon. Valarie E. Caproni, U.S.D.J.

settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of individuals who performed billed work on behalf of Plaintiff in this matter, including the effective billable rate which the parties' request that the Court apply should the Court undertake a "lodestar analysis of the fairness of such fees (see, e.g., Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany, 493 F. 3d 110 (2d Cir. 2007):

   i.   Michael Faillace, Esq. ("MF"), the Managing Member of Michael Faillace & Associates, P.C., has been in practice since 1983.  From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM).  He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law.  He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.  His work is billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. See, e.g., Manley v. Midan Rest. Inc., No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

   ii.  I, Jordan Gottheim ("JG"), graduated from Fordham University School of Law in 2016. I have cultivated an expertise in labor and employment law through internships in my law school's clinical educational department and LexisNexis's Lexis Practice Advisor Labor and Employment Law module, and through wage and hour associate experience at Heng Wang & Associates, P.C. and, since January 2020, at Michael Faillace & Associates, P.C. My work is billed at a rate of $350 per hour.

   iii. Jasmine Hernandez ("PL") is a paralegal at Michael Faillace & Associates, P.C.. She graduated from City University of New York Hunter College in May 2018 with a dual Bachelor of Arts in Anthropology and Political Science and joined the firm of Michael Faillace & Associates in April 2019. Ms. Hernandez's work is billed at a rate of $125 per hour, well within a range of rates for paralegal work that courts have routinely approved. See, e.g., Manley, supra, Doc. No. 42, at *37; Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

November 25, 2020
Page 4
Hon. Valarie E. Caproni, U.S.D.J.

Respectfully submitted,

/s/ Jordan Gottheim
Jordan Gottheim
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

Enclosures

cc: Defendants' Counsel (via ECF)

The Settlement Agreement is approved as fair and
reasonable. Regardless of Plaintiff's view of *Cheeks*, unless
the Second Circuit overrules it, it remains good law in this
Circuit. Moreover, although the Court approves the
requested fees, the Court notes that the claimed lodestar is
incredibly bloated. This case is DISMISSED.

SO ORDERED.

HON. VALERIE CAPRONI                11/30/2020
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CIRILO CANDIDO BASURTO, *individually and on behalf of others similarly situated,*<br><br>                              Plaintiff,<br><br>-against-<br><br>ORIGINAL RAY'S INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), RIANA INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), ROSOLINO MANGANO , and TONY MANGANO,<br><br>                              Defendants. | **1:19-cv-9748**<br><br>**SETTLEMENT AGREEMENT AND RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff CIRILO CANDIDO BASURTO ("Plaintiff") on the one hand, and, on the other hand, Defendant Corporations ORIGINAL RAY'S INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT) and RIANA INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), ("Defendant Corporations") and Individual Defendants ROSOLINO MANGANO and TONY MANGANO ("Individual Defendants"), (Defendant Corporations and Individual Defendants collectively denoted "Defendants"), (Plaintiff and Defendants collectively denoted "the Parties").

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 1:19-cv-9748 (hereinafter "the Litigation"), alleging, among other things, violations of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff and his counsel, subject to the

terms and conditions of this Agreement, the gross sum of Twenty-Six Thousand Dollars and No Cents ($26,000.00) (the "Settlement Amount"), as follows:

(a) (1) <u>Installment 1</u>: Installment 1 shall become due ten days after the date on which the Court enters an Order approving this agreement. For Installment 1, Defendants shall timely remit to Plaintiff, through his counsel at the address provided for such counsel in Paragraph 1(b) below, the following: (i) A check, dated no later than the date on which the pertinent installment is due, in the amount of Three-Thousand Four-Hundred Thirty-Five Dollars and Eighty-Nine Cents ($3,435.89) made payable to "Michael Faillace & Associates, P.C."; and (ii) Another check, dated no later than the date on which the pertinent installment is due, in the amount of Six-Thousand Five-Hundred Sixty-Four Dollars and Eleven Cents ($6,564.11) made payable to "Michael Faillace & Associates, P.C, as Attorneys for Plaintiff Cirilo Candido Basurto."

(2) <u>Installments 2-12</u>: Installment 2 shall become due 30 days after the date on which Installment 1 is due (see 1(a)(1) above) is due. Each of Installments 3 through 12 shall become due 30 days after the date on which the previous installment became due. For each of Installments 2 through 12, Defendants shall timely remit to Plaintiff, through his counsel at the address provided for such counsel in Paragraph 1(b) below, the following: (i) A check, dated no later than the date on which the pertinent installment is due, in the amount of Four-Hundred Ninety-Nine Dollars and Seventy-Six Cents ($499.76) made payable to "Michael Faillace & Associates, P.C."; and (ii) Another check, dated no later than the date on which the pertinent installment is due, in the amount of Nine-Hundred Fifty-Four Dollars and Seventy-Eight Cents ($954.78) made payable to "Michael Faillace & Associates, P.C, as Attorneys for Plaintiff Cirilo Candido Basurto."

The check in the final installment made payable to "Michael Faillace & Associates, P.C, as Attorneys for Plaintiff Cirilo Candido Basurto" pursuant to subparagraph 1(a)(2)(ii) shall be in the amount of $954.83 rather than $954.78.

Failure of Defendants to timely pay all or part of the settlement amount in the matter prescribed in subparagraphs 1(a)(1) and 1(a)((2) shall render all Defendants in default with respect to this Agreement. Similarly, failure of any check(s) tendered in satisfaction of any part of the settlement amount to clear the account of the issuer of such check(s) upon Plaintiff's, or his counsel's, attempt to cash such check(s) shall render all Defendants in default with respect to this Agreement.

(b) The payments set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165. These payments shall be held in escrow by Plaintiff's counsel pending the Court's approval of this Agreement.

(c) Concurrently with the execution of this Agreement, the respective Defendants shall execute the Confessions of Judgment in the forms attached hereto as Exhibits A and deliver to Plaintiff's counsel copies of said executed Confessions of Judgment, together with an executed copy of this Agreement. Said Confessions of Judgment may be filed only in the event that (i) Defendants are in default with respect to this Agreement, as defined in Paragraph 1(a) above; and (ii) Defendants fail to cure such default within seven days of the giving of notice, in the manner prescribed in Paragraph 7 below, of such default.

(d) Upon payment of the entire Settlement Funds as outlined in Paragraph 1(a), the Confessions of Judgment shall be rendered null and void and Plaintiff shall return the Confessions of Judgment to Defendants' counsel or confirm in writing that the Confession of Judgment has been destroyed.

2.   <u>Release and Covenant Not To Sue</u>:   Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, any and all of their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, with respect to wage and hour allegations which putatively arose during the time frame that was the subject of the Litigation, to wit, September 2017 through September 2019 ("the subject time period"). Included in this provision of release are any, with respect to wage and hour issues putatively arising during the subject time period, charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and litigation costs, whether fixed or contingent (hereinafter referred to as "claim" or "claims").   Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claim and/or counterclaims asserted in the Litigation that have occurred as of the Effective Date of this Agreement.

3.   <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.   <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by proper representatives of, respectively, Plaintiff and Defendants.

5.   <u>Acknowledgments:</u>  Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.   <u>Default:</u>   In the event of Default, as defined in Paragraph 1 above, the aggrieved party or parties shall be entitled to pursue judicial enforcement of the terms of this Agreement, including but not limited to the filing of the Confessions of Judgment referenced in Paragraph 1(c) above,, provided that no such court intervention shall be sought until seven days elapse following the giving of notice, in accordance with and as defined in Paragraph 7 below, to the defaulting party or parties.

In the event of Default, the aggrieved party or parties shall be entitled to recover from the defaulting party or parties all reasonable costs and attorneys' fees incurred in redressing or remedying such Default.

7.  <u>Notices:</u>     Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and/or electronic transmission thereof. Notice hereunder shall be delivered to:

> To Plaintiff:
> Michael Faillace, Esq.
> **MICHAEL FAILLACE & ASSOCIATES, P.C.**
> 60 East 42nd St. Suite 4510
> New York, NY 10165
> Email: michael@faillacelaw.com

> To Defendants:
> Michael K. Chong, Esq.
> Law Offices of Michael K. Chong, LLC
> 2 Executive Drive, Suite 240
> Fort Lee, NJ 07024
> Email: MKC@mkclawgroup.com

8   <u>Governing Law:</u>  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York, and stipulate to jointly request that the United States District Court for the Southern District of New York and/or the Supreme Court of the State of New York exercise jurisdiction, in any subsequent proceeding to enforce this Agreement. Absent an explicit disavowal of retention of jurisdiction on the part of the United States District Court, such Court's approval of this Agreement shall be construed as an explicit retention of jurisdiction for purposes of enforcing the provisions of this Agreement.

9.  <u>Enforceability:</u> If any provision(s) of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision(s) shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10.  <u>Release Notification:</u>  Defendants have afforded Plaintiff the opportunity to discuss the terms of this Agreement and release of claims with his legal counsel prior to his entering into the Agreement, and Plaintiff acknowledges that he had the opportunity to consult with Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel.  Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11.  <u>Counterparts:</u> To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of

such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**PLAINTIFF CIRILO CANDIDO BASURTO**

Date: 11 23 20

**DEFENDANTS**

**ORIGINAL RAY'S INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT)**

Date: _____

(signature)

Name (Print): _____ Title: _____

**RIANA INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT)**

Date: _____

(signature)

Name (Print): _____ Title: _____

**ROSOLINO MANGANO**

Date: _____

**TONY MANGANO**

Date: _____

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK

-------------------- ---------------- x

CIRILO CANDIDO BASURTO, *individually
and on behalf of others similarly situated*,

                                 Plaintiff,

-against-

ORIGINAL RAY'S INC. (D/B/A THE
ORIGINAL RAY'S PIZZA RESTAURANT),
RIANA INC. (D/B/A THE ORIGINAL
RAY'S PIZZA RESTAURANT), ROSOLINO
MANGANO, and TONY MANGANO,

                               Defendants.

             **AFFIDAVIT OF
JUDGMENT BY CONFESSION**

----------------------------------- x

STATE OF _____ )
                            ss.:
COUNTY OF _____ )

ROSOLINO MANGANO, being duly sworn, deposes and says:

1. I am a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Southern District of New York.

2. I hereby confess judgment in this court in favor of Plaintiff CIRILO CANDIDO BASURTO ("Plaintiff") for the sum of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiff or his successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against me.

3. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:

   a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Southern District of New York against, inter alia, myself, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;

   b. The defendants to the lawsuit ("Defendants"), including myself, denied any wrongdoing;

   c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit, Defendants, including myself, agreed to, jointly and severally, pay the sum of $26,000 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in Paragraph 1 of the Settlement Agreement entered into between the parties, in twelve installments;

d.  In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiff is entitled to judgment against me in the amount of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts already paid.

4.      This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.


Date: _____


By: _____

     ROSOLINO MANGANO

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CIRILO CANDIDO BASURTO, *individually*
*and on behalf of others similarly situated,*

                         Plaintiff,

-against-

ORIGINAL RAY'S INC. (D/B/A THE
ORIGINAL RAY'S PIZZA RESTAURANT),
RIANA INC. (D/B/A THE ORIGINAL
RAY'S PIZZA RESTAURANT), ROSOLINO
MANGANO , and TONY MANGANO,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

          **AFFIDAVIT OF
          JUDGMENT BY CONFESSION**

STATE OF _____ )
                        ss.:
COUNTY OF _____ )

TONY MANGANO, being duly sworn, deposes and says:

1. I am a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Southern District of New York.
2. I hereby confess judgment in this court in favor of Plaintiff CIRILO CANDIDO BASURTO ("Plaintiff") for the sum of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiff or his successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against me.
3. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:
    a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Southern District of New York against, inter alia, myself, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;
    b. The defendants to the lawsuit ("Defendants"), including myself, denied any wrongdoing;
    c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit, Defendants, including myself, agreed to, jointly and severally, pay the sum of $26,000 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in Paragraph 1 of the Settlement Agreement entered into between the parties, in twelve installments;

d. In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiff is entitled to judgment against me in the amount of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts already paid.

4.        This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

Date: _____

By: _____
        TONY MANGANO

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

CIRILO CANDIDO BASURTO, *individually*
*and on behalf of others similarly situated,*

                         Plaintiff,

         -against-

ORIGINAL RAY'S INC. (D/B/A THE
ORIGINAL RAY'S PIZZA RESTAURANT),
RIANA INC. (D/B/A THE ORIGINAL
RAY'S PIZZA RESTAURANT), ROSOLINO
MANGANO , and TONY MANGANO,

                  Defendants.

**AFFIDAVIT OF
JUDGMENT BY CONFESSION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

STATE OF _____ )
                            ss.:
COUNTY OF _____ )

_____ , being duly sworn, deposes and says:

1. I am the _____ at ORIGINAL RAY'S INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), ("the Corporation"), a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Southern District of New York.

2. On behalf of the Corporation, I hereby confess judgment in this court in favor of Plaintiff CIRILO CANDIDO BASURTO ("Plaintiff") for the sum of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiff or his successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against the Corporation.

3. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:

    a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Southern District of New York against, inter alia, the Corporation, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;

    b. The defendants to the lawsuit ("Defendants"), including the Corporation, denied any wrongdoing;

    c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit,  Defendants, including the Corporation, agreed to, jointly and severally, pay the sum of $26,000 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in

Paragraph 1 of the Settlement Agreement entered into between the parties, in twelve installments;

d. In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiff is entitled to judgment against the Corporation in the amount of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts already paid.

4.       This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

Date: _____

_____
(signature)

Name: _____          Title: _____

STATE OF _____  )
                               ss.:
COUNTY OF _____  )

On the ___ day of _____ , 2020, before me, the undersigned, a Notary Public in and for the State of _____ , personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that (s)he executed the within instrument in his or her capacity and that by his or her signature on the instrument, the person or entity upon behalf of which the person acted executed the instrument.

_____
Notary Public

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CIRILO CANDIDO BASURTO, *individually*
*and on behalf of others similarly situated,*

                     Plaintiff,

-against-

ORIGINAL RAY'S INC. (D/B/A THE
ORIGINAL RAY'S PIZZA RESTAURANT),
RIANA INC. (D/B/A THE ORIGINAL
RAY'S PIZZA RESTAURANT), ROSOLINO
MANGANO , and TONY MANGANO,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT OF
JUDGMENT BY CONFESSION**

STATE OF _____ )
                          ss.:
COUNTY OF _____ )

_____ , being duly sworn, deposes and says:

1. I am the _____ at RIANA INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT) ("the Corporation"), a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Southern District of New York.

2. On behalf of the Corporation, I hereby confess judgment in this court in favor of Plaintiff CIRILO CANDIDO BASURTO ("Plaintiff") for the sum of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiff or his successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against the Corporation.

3. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:

   a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Southern District of New York against, inter alia, the Corporation, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;

   b. The defendants to the lawsuit ("Defendants"), including the Corporation, denied any wrongdoing;

   c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit,  Defendants, including the Corporation, agreed to, jointly and severally, pay the sum of $26,000 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in

Paragraph 1 of the Settlement Agreement entered into between the parties, in twelve installments;

d. In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiff is entitled to judgment against the Corporation in the amount of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts already paid.

4.        This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

Date: _____

_____
(signature)

Name: _____          Title: _____

STATE OF _____   )
                                                        ss.:
COUNTY OF _____   )

On the ___ day of _____ , 2020, before me, the undersigned, a Notary Public in and for the State of _____ , personally appeared _____ , personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that (s)he executed the within instrument in his or her capacity and that by his or her signature on the instrument, the person or entity upon behalf of which the person acted executed the instrument.

_____
NOTARY PUBLIC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CIRILO CANDIDO BASURTO, *individually and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>ORIGINAL RAY'S INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), RIANA INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), ROSOLINO MANGANO , and TONY MANGANO,<br><br>Defendants. | **1:19-cv-9748**<br><br>**SETTLEMENT AGREEMENT**<br>**AND**<br>**RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff CIRILO CANDIDO BASURTO ("Plaintiff") on the one hand, and, on the other hand, Defendant Corporations ORIGINAL RAY'S INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT) and RIANA INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), ("Defendant Corporations") and Individual Defendants ROSOLINO MANGANO and TONY MANGANO ("Individual Defendants"), (Defendant Corporations and Individual Defendants collectively denoted "Defendants"), (Plaintiff and Defendants collectively denoted "the Parties").

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 1:19-cv-9748 (hereinafter "the Litigation"), alleging, among other things, violations of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained, it is hereby agreed as follows:

1. Payment: Defendants shall pay or cause to be paid to Plaintiff and his counsel, subject to

the terms and conditions of this Agreement, the gross sum of Twenty-Six Thousand Dollars and No Cents ($26,000.00) (the "Settlement Amount"), as follows:

(a) (1) <u>Installment 1</u>: Installment 1 shall become due ten days after the date on which the Court enters an Order approving this agreement. For Installment 1, Defendants shall timely remit to Plaintiff, through his counsel at the address provided for such counsel in Paragraph 1(b) below, the following: (i) A check, dated no later than the date on which the pertinent installment is due, in the amount of Three-Thousand Four-Hundred Thirty-Five Dollars and Eighty-Nine Cents ($3,435.89) made payable to "Michael Faillace & Associates, P.C."; and (ii) Another check, dated no later than the date on which the pertinent installment is due, in the amount of Six-Thousand Five-Hundred Sixty-Four Dollars and Eleven Cents ($6,564.11) made payable to "Michael Faillace & Associates, P.C, as Attorneys for Plaintiff Cirilo Candido Basurto."

(2) <u>Installments 2-12</u>: Installment 2 shall become due 30 days after the date on which Installment 1 is due (see 1(a)(1) above) is due. Each of Installments 3 through 12 shall become due 30 days after the date on which the previous installment became due. For each of Installments 2 through 12, Defendants shall timely remit to Plaintiff, through his counsel at the address provided for such counsel in Paragraph 1(b) below, the following: (i) A check, dated no later than the date on which the pertinent installment is due, in the amount of Four-Hundred Ninety-Nine Dollars and Seventy-Six Cents ($499.76) made payable to "Michael Faillace & Associates, P.C."; and (ii) Another check, dated no later than the date on which the pertinent installment is due, in the amount of Nine-Hundred Fifty-Four Dollars and Seventy-Eight Cents ($954.78) made payable to "Michael Faillace & Associates, P.C, as Attorneys for Plaintiff Cirilo Candido Basurto."

The check in the final installment made payable to "Michael Faillace & Associates, P.C, as Attorneys for Plaintiff Cirilo Candido Basurto" pursuant to subparagraph 1(a)(2)(ii) shall be in the amount of $954.83 rather than $954.78.

Failure of Defendants to timely pay all or part of the settlement amount in the matter prescribed in subparagraphs 1(a)(1) and 1(a)((2) shall render all Defendants in default with respect to this Agreement. Similarly, failure of any check(s) tendered in satisfaction of any part of the settlement amount to clear the account of the issuer of such check(s) upon Plaintiff's, or his counsel's, attempt to cash such check(s) shall render all Defendants in default with respect to this Agreement.

(b) The payments set forth above in this Paragraph shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., at One Grand Central Place, 60 East 42nd Street, Suite 4510, New York, NY 10165. These payments shall be held in escrow by Plaintiff's counsel pending the Court's approval of this Agreement.

(c) Concurrently with the execution of this Agreement, the respective Defendants shall execute the Confessions of Judgment in the forms attached hereto as Exhibits A and deliver to Plaintiff's counsel copies of said executed Confessions of Judgment, together with an executed copy of this Agreement. Said Confessions of Judgment may be filed only in the event that (i) Defendants are in default with respect to this Agreement, as defined in Paragraph 1(a) above; and (ii) Defendants fail to cure such default within seven

days of the giving of notice, in the manner prescribed in Paragraph 7 below, of such default.

(d) Upon payment of the entire Settlement Funds as outlined in Paragraph 1(a), the Confessions of Judgment shall be rendered null and void and Plaintiff shall return the Confessions of Judgment to Defendants' counsel or confirm in writing that the Confession of Judgment has been destroyed.

2.     Release and Covenant Not To Sue:   Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenants not to sue Defendants, and for each of them, any and all of their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, with respect to wage and hour allegations which putatively arose during the time frame that was the subject of the Litigation, to wit, September 2017 through September 2019 ("the subject time period"). Included in this provision of release are any, with respect to wage and hour issues putatively arising during the subject time period, charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and litigation costs, whether fixed or contingent (hereinafter referred to as "claim" or "claims"). Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiff relating specifically to the claim and/or counterclaims asserted in the Litigation that have occurred as of the Effective Date of this Agreement.

3.     No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.     Modification of the Agreement:  This Agreement may not be changed unless the changes are in writing and signed by proper representatives of, respectively, Plaintiff and Defendants.

5.     Acknowledgments: Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.     Default:  In the event of Default, as defined in Paragraph 1 above, the aggrieved party or parties shall be entitled to pursue judicial enforcement of the terms of this Agreement, including but not limited to the filing of the Confessions of Judgment referenced in Paragraph 1(c) above,, provided that no such court intervention shall be sought until seven days elapse following the giving of notice, in accordance with and as defined in Paragraph 7 below, to the defaulting party or parties.

In the event of Default, the aggrieved party or parties shall be entitled to recover from the defaulting party or parties all reasonable costs and attorneys' fees incurred in redressing or remedying such Default.

7. <u>Notices:</u> Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and/or electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:
Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Email: michael@faillacelaw.com

To Defendants:
Michael K. Chong, Esq.
Law Offices of Michael K. Chong, LLC
2 Executive Drive, Suite 240
Fort Lee, NJ 07024
Email: MKC@mkclawgroup.com

8   <u>Governing Law:</u> This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York, and stipulate to jointly request that the United States District Court for the Southern District of New York and/or the Supreme Court of the State of New York exercise jurisdiction, in any subsequent proceeding to enforce this Agreement. Absent an explicit disavowal of retention of jurisdiction on the part of the United States District Court, such Court's approval of this Agreement shall be construed as an explicit retention of jurisdiction for purposes of enforcing the provisions of this Agreement.

9.   <u>Enforceability:</u> If any provision(s) of this Agreement is held to be illegal, void, or unenforceable, the illegality or unenforceability of such provision(s) shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

10.   <u>Release Notification:</u> Defendants have afforded Plaintiff the opportunity to discuss the terms of this Agreement and release of claims with his legal counsel prior to his entering into the Agreement, and Plaintiff acknowledges that he had the opportunity to consult with Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11.   <u>Counterparts:</u> To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures,

which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.

**PLAINTIFF CIRILO CANDIDO BASURTO**

_____          Date: _____

**DEFENDANTS**

**ORIGINAL RAY'S INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT)**

_____          Date: _____
   (signature)

Name (Print): _____          Title: _____

**RIANA INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT)**

_____          Date: 11|16|2020
   (signature)

Name (Print): Lisa Mangano          Title: PRESidenT

**ROSOLINO MANGANO**

Rosolino Mangano          Date: 11|16|2020
   (signature)

**TONY MANGANO**

_____          Date: 11|16|2020
   (signature)

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CIRILO CANDIDO BASURTO, *individually and on behalf of others similarly situated,*

                     Plaintiff,

-against-

ORIGINAL RAY'S INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), RIANA INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), ROSOLINO MANGANO, and TONY MANGANO,

                     Defendants.

**AFFIDAVIT OF JUDGMENT BY CONFESSION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF  New York )
                     ss.:
COUNTY OF  Queens )

**ROSOLINO MANGANO**, being duly sworn, deposes and says:

1. I am a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Southern District of New York.
2. I hereby confess judgment in this court in favor of Plaintiff CIRILO CANDIDO BASURTO ("Plaintiff") for the sum of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiff or his successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against me.
3. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:
    a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Southern District of New York against, inter alia, myself, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;
    b. The defendants to the lawsuit ("Defendants"), including myself, denied any wrongdoing;
    c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit, Defendants, including myself, agreed to, jointly and severally, pay the sum of $26,000 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in Paragraph 1 of the Settlement Agreement entered into between the parties, in twelve installments;

    d. In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiff is entitled to judgment against me in the amount of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts already paid.

4.        This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

Date: 11/16/2020

By: _____
    **ROSOLINO MANGANO**

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CIRILO CANDIDO BASURTO, *individually and on behalf of others similarly situated*,

                  Plaintiff,

-against-

ORIGINAL RAY'S INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), RIANA INC. (D/B/A THE ORIGINAL RAY'S PIZZA RESTAURANT), ROSOLINO MANGANO , and TONY MANGANO,

                Defendants.

**AFFIDAVIT OF JUDGMENT BY CONFESSION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF New York )
                      ) ss.:
COUNTY OF Queens )

**TONY MANGANO**, being duly sworn, deposes and says:

1. I am a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Southern District of New York.
2. I hereby confess judgment in this court in favor of Plaintiff CIRILO CANDIDO BASURTO ("Plaintiff") for the sum of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiff or his successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against me.
3. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the following facts:
    a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Southern District of New York against, inter alia, myself, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;
    b. The defendants to the lawsuit ("Defendants"), including myself, denied any wrongdoing;
    c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit, Defendants, including myself, agreed to, jointly and severally, pay the sum of $26,000 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in Paragraph 1 of the Settlement Agreement entered into between the parties, in twelve installments;

    d.  In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiff is entitled to judgment against me in the amount of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts already paid.

4.        This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

Date: 11/16/2020

By: _____
           **TONY MANGANO**

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CIRILO CANDIDO BASURTO, *individually*
*and on behalf of others similarly situated,*

                Plaintiff,

-against-

ORIGINAL RAY'S INC. (D/B/A THE
ORIGINAL RAY'S PIZZA RESTAURANT),
RIANA INC. (D/B/A THE ORIGINAL
RAY'S PIZZA RESTAURANT), ROSOLINO
MANGANO , and TONY MANGANO,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**AFFIDAVIT OF
JUDGMENT BY CONFESSION**

STATE OF  NEW YORK  )
                            ss.:
COUNTY OF  Queens  )

Lisa Mangano , being duly sworn, deposes and says:

1. I am the President at **RIANA INC.** (D/B/A THE ORIGINAL RAY'S PIZZA
   RESTAURANT) ("the Corporation"), a named defendant in an action, involving the
   same parties as the parties in the above-entitled action, previously brought in the United
   States District Court for the Southern District of New York.

2. On behalf of the Corporation, I hereby confess judgment in this court in favor of
   Plaintiff CIRILO CANDIDO BASURTO ("Plaintiff") for the sum of Thirty-Nine
   Thousand Dollars and Zero Cents ($39,000.00), less any amounts paid by Defendants in
   compliance with the terms of the negotiated Settlement & Release Agreement referenced
   in Paragraph 3 below, and I hereby authorize said Plaintiff or his successors and assigns
   and all persons acting by, through and in concert with any of them, to enter judgment for
   that sum against the Corporation.

3. This confession of judgment is for a debt justly due to the Plaintiffs arising out of the
   following facts:
   a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the
      Southern District of New York against, inter alia, the Corporation, asserting
      claims for damages under, inter alia, state and federal wage and hour laws, as set
      forth in the complaint filed in such lawsuit;
   b. The defendants to the lawsuit ("Defendants"), including the Corporation, denied
      any wrongdoing;
   c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit
      settled the lawsuit, Defendants, including the Corporation, agreed to, jointly and
      severally, pay the sum of $26,000 in full and complete settlement of all issues that
      were or could have been raised by Plaintiff in this action, paid, as specified in

Paragraph 1 of the Settlement Agreement entered into between the parties, in twelve installments;

d.  In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure as set forth in Paragraph 1 of the Settlement Agreement, Plaintiff is entitled to judgment against the Corporation in the amount of Thirty-Nine Thousand Dollars and Zero Cents ($39,000.00), less any amounts already paid.

4.  This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

Date: 11/16/2020

_____
(signature)

Name: Lisa Mangano          Title: PRESIDENT

STATE OF New York  )
                                         ss.:
COUNTY OF Queens  )

On the 16th day of November 2020, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared Lisa Mangano personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that (s)he executed the within instrument in his or her capacity and that by his or her signature on the instrument, the person or entity upon behalf of which the person acted executed the instrument.

_____
Notary Public

Annette Angulo
Notary Public
State of New York
REG. No. 01AN5064654  8/26/2022
My commission Expires

Candido Basurto et al v. Original Ray's Inc. et al, 1:19-cv-09748-VEC

| Plaintiff | Pay Period | | No. Weeks in Pay Period | Hours Per Week in Period | No. of SOH Days Per Wk in Period | Calc. Regular Rate of Pay |
|---|---|---|---|---|---|---|
| | From | To | | | | |
| **Cirilo Candido Basurto** | 9/1/2017 | 10/15/2017 | 6 | 78 | 6 | $ 5.00 |
| | 10/16/2017 | 12/31/2017 | 11 | 54 | 0 | $ 7.22 |
| | 1/1/2018 | 1/20/2018 | 3 | 54 | 0 | $ 7.22 |
| | 1/21/2018 | 6/30/2018 | 23 | 63 | 0 | $ 6.19 |
| | 7/1/2018 | 8/31/2018 | 9 | 78 | 6 | $ 5.00 |
| | 9/1/2018 | 9/15/2018 | 2 | 54 | 0 | $ 7.22 |
| | 9/16/2018 | 12/31/2018 | 15 | 54 | 0 | $ 8.89 |
| | 1/1/2019 | 1/10/2019 | 1 | 54 | 0 | $ 8.89 |
| | 1/11/2019 | 1/15/2019 | 1 | 78 | 6 | $ 6.47 |
| | 1/16/2019 | 9/27/2019 | 36 | 54 | 0 | $ 8.89 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Candido Basurto et al v. Original Ray's Inc. et al, 1:19-cv-09748-VEC

| Plaintiff | Pay Period | | Calc. OT Rate of Pay | Minimum Wage Rate | Minimum Overtime (OT) | Lawful Weekly Pay | "Credited" Weekly Pay |
|---|---|---|---|---|---|---|---|
| | From | To | | | | | |
| **Cirilo Candido Basurto** | 9/1/2017 | 10/15/2017 | $ 7.50 | $ 11.00 | $ 16.50 | $ 1,067.00 | $ 390.00 |
| | 10/16/2017 | 12/31/2017 | $ 10.83 | $ 11.00 | $ 16.50 | $ 671.00 | $ 390.00 |
| | 1/1/2018 | 1/20/2018 | $ 10.83 | $ 13.00 | $ 19.50 | $ 793.00 | $ 390.00 |
| | 1/21/2018 | 6/30/2018 | $ 9.29 | $ 13.00 | $ 19.50 | $ 968.50 | $ 390.00 |
| | 7/1/2018 | 8/31/2018 | $ 7.50 | $ 13.00 | $ 19.50 | $ 1,261.00 | $ 390.00 |
| | 9/1/2018 | 9/15/2018 | $ 10.83 | $ 13.00 | $ 19.50 | $ 793.00 | $ 390.00 |
| | 9/16/2018 | 12/31/2018 | $ 13.33 | $ 13.00 | $ 19.50 | $ 793.00 | $ 480.00 |
| | 1/1/2019 | 1/10/2019 | $ 13.33 | $ 15.00 | $ 22.50 | $ 915.00 | $ 480.00 |
| | 1/11/2019 | 1/15/2019 | $ 9.71 | $ 15.00 | $ 22.50 | $ 1,455.00 | $ 505.00 |
| | 1/16/2019 | 9/27/2019 | $ 13.33 | $ 15.00 | $ 22.50 | $ 915.00 | $ 480.00 |

2 of 5

Candido Basurto et al v. Original Ray's Inc. et al, 1:19-cv-09748-VEC

| Plaintiff | Pay Period | | Underpayment Per Week | Unpaid Wages & OT | Liq. Damages on Wages & OT | Unpaid Spread of Hours (SOH) Pay |
|---|---|---|---|---|---|---|
| | From | To | | | | |
| **Cirilo Candido Basurto** | 9/1/2017 | 10/15/2017 | $ 677.00 | $ 4,062.00 | $ 4,062.00 | $ 396.00 |
| | 10/16/2017 | 12/31/2017 | $ 281.00 | $ 3,091.00 | $ 3,091.00 | $ - |
| | 1/1/2018 | 1/20/2018 | $ 403.00 | $ 1,209.00 | $ 1,209.00 | $ - |
| | 1/21/2018 | 6/30/2018 | $ 578.50 | $ 13,305.50 | $ 13,305.50 | $ - |
| | 7/1/2018 | 8/31/2018 | $ 871.00 | $ 7,839.00 | $ 7,839.00 | $ 702.00 |
| | 9/1/2018 | 9/15/2018 | $ 403.00 | $ 806.00 | $ 806.00 | $ - |
| | 9/16/2018 | 12/31/2018 | $ 313.00 | $ 4,695.00 | $ 4,695.00 | $ - |
| | 1/1/2019 | 1/10/2019 | $ 435.00 | $ 435.00 | $ 435.00 | $ - |
| | 1/11/2019 | 1/15/2019 | $ 950.00 | $ 950.00 | $ 950.00 | $ 90.00 |
| | 1/16/2019 | 9/27/2019 | $ 435.00 | $ 15,660.00 | $ 15,660.00 | $ - |
| | | | | | | |
| | | | | | | |
| | | | | $ 35,442.50 | $ 35,442.50 | $ 1,098.00 |
| | | | | | | |
| | | | | | | |
| | | | TOTAL: | $ 35,442.50 | $ 35,442.50 | $ 1,098.00 |

Candido Basurto et al v. Original Ray's Inc. et al, 1:19-cv-09748-VEC

| Plaintiff | Pay Period From | To | Liq. Damages on unpaid SOH | Annual Wage Notice | Weekly Wage Statement | Pre Jud. Interest (PJI) on OT & Wages |
|---|---|---|---|---|---|---|
| **Cirilo Candido Basurto** | 9/1/2017 | 10/15/2017 | $ 396.00 | $ 5,000.00 | $ 5,000.00 | $ 1,161.55 |
| | 10/16/2017 | 12/31/2017 | $ - | | | $ 837.39 |
| | 1/1/2018 | 1/20/2018 | $ - | | | $ 313.08 |
| | 1/21/2018 | 6/30/2018 | $ - | | | $ 3,148.60 |
| | 7/1/2018 | 8/31/2018 | $ 702.00 | | | $ 1,639.49 |
| | 9/1/2018 | 9/15/2018 | $ - | | | $ 160.92 |
| | 9/16/2018 | 12/31/2018 | $ - | | | $ 866.75 |
| | 1/1/2019 | 1/10/2019 | $ - | | | $ 74.03 |
| | 1/11/2019 | 1/15/2019 | $ 90.00 | | | $ 159.92 |
| | 1/16/2019 | 9/27/2019 | $ - | | | $ 2,134.19 |
| | | | | | | |
| | | | $ 1,098.00 | $ 5,000.00 | $ 5,000.00 | $ 8,201.81 |
| | | | | | | |
| | | | | | | |
| | | | $ 1,098.00 | $ 5,000.00 | $ 5,000.00 | $ 8,201.81 |

Candido Basurto et al v. Original Ray's Inc. et al, 1:19-cv-09748-VEC

| Plaintiff | Pay Period | | (PJI) Spread of Hours | Tools of the Trade | Total Per Period |
|---|---|---|---|---|---|
| | From | To | | | |
| **Cirilo Candido Basurto** | 9/1/2017 | 10/15/2017 | $ 113.24 | $ 3,162.00 | $ 23,352.78 |
| | 10/16/2017 | 12/31/2017 | $ - | | $ 7,019.39 |
| | 1/1/2018 | 1/20/2018 | $ - | | $ 2,731.08 |
| | 1/21/2018 | 6/30/2018 | $ - | | $ 29,759.60 |
| | 7/1/2018 | 8/31/2018 | $ 146.82 | | $ 18,868.31 |
| | 9/1/2018 | 9/15/2018 | $ - | | $ 1,772.92 |
| | 9/16/2018 | 12/31/2018 | $ - | | $ 10,256.75 |
| | 1/1/2019 | 1/10/2019 | $ - | | $ 944.03 |
| | 1/11/2019 | 1/15/2019 | $ 15.15 | | $ 2,255.07 |
| | 1/16/2019 | 9/27/2019 | $ - | | $ 33,454.19 |
| | | | | | |
| | | | $ 260.06 | $ 3,162.00 | $ 94,704.87 |
| | | | | | |
| | | | $ 260.06 | $ 3,162.00 | $ 94,704.87 |

### *Michael Faillace & Associates, P.C.*
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Cirilo  Candido Basurto                                        November 24, 2020

|                |              |
|----------------|--------------|
| File #:        | Ray'sPizza19 |
| Inv #:         | Sample       |

**Attention:**

**RE:**     19-cv-09748-VEC

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Jan-27-20 | Internal correspondence re scheduling of mediation | 0.30 | 105.00 | JG |
|  | email to Mediator Goldberg re Scheduling of Mediation | 0.10 | 35.00 | JG |
|  | Reviewed and replied to email from mediator Goldberg re scheduling of mediation | 0.10 | 35.00 | JG |
|  | Reviewed email from mediator Goldberg re production of documentws before mediation session | 0.10 | 35.00 | JG |
| Jan-29-20 | Internal email re need for adjournment of mediation from 2/18 bc of conflict with counsel's pro bono assignment in NJ | 0.10 | 35.00 | JG |
|  | Reviewed correspondence re adjournment of 2/18 mediation date | 0.10 | 35.00 | JG |
| Jan-30-20 | reviewed email fro, mediation office | 0.10 | 35.00 | JG |
|  | reviwed email correpsonce from Oc  re adjournment of mediation | 0.10 | 35.00 | JG |
| Feb-03-20 | Reviwed email from mediation office re assignemtn of new mediator | 0.10 | 35.00 | JG |
| Mar-11-20 | Reviewed email from Oc re document production in advance of mediation | 0.10 | 35.00 | JG |

Case 1:19-cv-09748-VEC    Document 26-4    Filed 11/25/20    Page 36 of 41

|          |                                                                                              |      |        |    |
| -------- | -------------------------------------------------------------------------------------------- | ---- | ------ | -- |
|          | Prepared and sent pre-mediation statement and damages calculation to mediator (1.1)          | 1.10 | 385.00 | JG |
| Mar-13-20 | Internal correspondence re feasibility of 3/18 meidaion in light of COVID situation          | 0.10 | 35.00  | JG |
|          | email corresposnce with Oc re requested adjournment of 3/18 mediation in light of plaintiff's illness | 0.10 | 35.00  | JG |
|          | email correspondence re rescheduling of mediation in light of COVID                          | 0.10 | 35.00  | JG |
| Mar-17-20 | email correspondence with Oc and mediator re rescheduling of mediation for April 28 or 29 (0.2) | 0.20 | 70.00  | JG |
| Mar-18-20 | email correspondence with Oc and mediation office re assignemnt of new mediator to conduct mediation for April 28 or 29 (0.2) | 0.20 | 70.00  | JG |
| Mar-19-20 | reviewed email from mediation office re assignemnt of new mediator                           | 0.10 | 35.00  | JG |
| Apr-02-20 | Reviewed email from Mediator McDermott re scheduling intial call                             | 0.10 | 35.00  | JG |
| Apr-06-20 | Initial call with McDermott and OC                                                           | 0.30 | 105.00 | JG |
|          | Reviewed follow-up email from McDermott                                                      | 0.10 | 35.00  | JG |
| Apr-14-20 | Reviewed email from Mediation office re rescheduling of mediation                            | 0.10 | 35.00  | JG |
| May-04-20 | Trasnmitted mediation statement to McDermott in anticipation of 5/18 mediaiton session       | 0.10 | 35.00  | JG |
| May-14-20 | email to OC and mediator re Plaintiff's interest in conducting upcoming mediation remotely   | 0.10 | 35.00  | JG |
| May-21-20 | correspondence re scheduling call with Oc and mediator re rescheduling of mediation          | 0.10 | 35.00  | JG |
| Jun-12-20 | email res scheduling intial call with Oc and mediator                                        | 0.10 | 35.00  | JG |

Case 1:19-cv-09748-VEC Document 26-4 Filed 11/30/2020 Page 37 of 41

| Jun-16-20 | read and replied to email from Oc re rescheudligne all with mediator | 0.10 | 35.00 | JG |
| | read email from mediator conirmign 6/18 call | 0.10 | 35.00 | JG |
| Jun-18-20 | call with Oc and mediator, rewiewd follow-up email from mediator confirming 7/31 mediation date; email to Pl to confirm client availability for 7/31 | 0.70 | 245.00 | JG |
| Jun-22-20 | Reviewed ECf bounce re rescheduling of mediation session | 0.10 | 35.00 | JG |
| Jul-13-20 | confirmed with JG that he is going to mediation at the end of the month | 0.10 | 45.00 | MF |
| | conference with MF re case status | 0.10 | 35.00 | JG |
| Jul-15-20 | internal email re (non)settled status of case | 0.10 | 35.00 | JG |
| Jul-21-20 | Read and replied to email from OC's office re proposed adjournment of mediation in light of death of father of OC | 0.30 | 105.00 | JG |
| | Reviewed reply email from OC re same | 0.10 | 35.00 | JG |
| Jul-22-20 | reviewed oc's request for extensions and adjournments ;  filed oc's motion in the proper folder for future reference | 0.20 | 90.00 | MF |
| | email correspodnce re propsoed new timetable fro scheulign of mediation | 0.10 | 35.00 | JG |
| | Reviewed eCf bounce re Oc request for 60-day extension of mediation | 0.10 | 35.00 | JG |
| | reviewed calendar for mediation order | 0.10 | 12.50 | PL |
| Jul-23-20 | Conferred with Oc re rescheduling of mediation for 9/22 | 0.10 | 35.00 | JG |
| Jul-27-20 | Internal correspondence with Pl re client availability for mediation on 9/22 | 0.10 | 35.00 | JG |
| | reviewed case file/status | 0.10 | 12.50 | PL |
| Aug-03-20 | researched damages chart and responded to DT's email inquiring what response to give to defendants | 0.30 | 135.00 | MF |

| Aug-05-20 | reviewed court order notifying the parties that the mediation was not held and requiring parties to file a status report at a later date; directed staff to update case chart ; filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
|---|---|---|---|---|
| | reviewed ECF Bounce re scheduling of mediation | 0.10 | 35.00 | JG |
| Aug-06-20 | Calendaring bounce from the court | 0.10 | 15.00 | PL |
| Aug-10-20 | reviewed docket | 0.10 | 12.50 | PL |
| | Call with client regarding mediation availability | 0.20 | 30.00 | PL |
| Aug-18-20 | | 0.20 | 25.00 | PL |
| Aug-20-20 | email correpsodnce with Oc and mediator confirming 9/22 mediation | 0.20 | 70.00 | JG |
| Aug-31-20 | reviewed email form mediation office re 9/22 mediation, forwarded same to mediator and inquired whether in-person mediation was feasible | 0.20 | 70.00 | JG |
| | Call with client regarding upcoming mediation | 0.30 | 45.00 | PL |
| Sep-02-20 | email to mediator confirming 9/22 mediaiton date | 0.10 | 35.00 | JG |
| Sep-07-20 | email settlement communication to OC | 0.10 | 35.00 | JG |
| Sep-08-20 | review sett chart and case file for payments | 0.20 | 70.00 | GN |
| Sep-11-20 | email exchange with OC re preference for in-person v. remote format | 0.20 | 70.00 | JG |
| Sep-14-20 | sent email confirmation of remote format for 9/22 mediation | 0.10 | 35.00 | JG |
| | Assisting client in how to manage a virtual mediation | 2.00 | 250.00 | PL |
| Sep-16-20 | reviewed court order rescheduling mediation conference; directed staff to update case chart | 0.30 | 135.00 | MF |

| | | | | |
|---|---|---|---|---|
| | ;  filed order in the proper folder for future reference | | | |
| Sep-17-20 | sent mediation statement to mediator | 0.20 | 70.00 | JG |
| Sep-18-20 | e-mail exchange re logistics of remote mediation session | 0.30 | 105.00 | JG |
| Sep-21-20 | reviewed court notice of appearance of opposing counsel;  directed staff to update case chart ;  filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| | Reviewed ECf Bounce (Vincent Gonzalez notice of appearance) | 0.10 | 35.00 | JG |
| | Call with client to prepare him and obtain final settlemnt number for mediation | 1.40 | 175.00 | PL |
| Sep-22-20 | Mediation | 1.70 | 595.00 | JG |
| | Attending mediation and translating for the client | 2.00 | 250.00 | PL |
| Sep-23-20 | reviewed court order reporting the occurrence of the mediation conference and setting date for the parties to submit mediation status report;  directed staff to update case chart ;  filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
| | Reviewed and responded to follow-up email from mediator re 9/22 mediation session | 0.10 | 35.00 | JG |
| Sep-25-20 | telephonic correspondence with Oc re Defendants' ability to pay | 0.30 | 105.00 | JG |
| Sep-29-20 | Reviewed OC's Document Production re Defendants' ability to pay | 0.10 | 35.00 | JG |
| Sep-30-20 | Settlement correspondence with Oc and internally, instructing PL to relay substance of same to client | 0.20 | 70.00 | JG |
| | follow-up correspondence with Oc and mediator re Defendants' most recent settlement offer | 0.20 | 70.00 | JG |
| | internal email re Defendants' new offer of | 0.10 | 35.00 | JG |

|  |  |  |  |  |
|---|---|---|---|---|
|  | $25k and clients' subsequent rejection thereof, willingness to counteroffer $27k |  |  |  |
|  | Call with client to relay latest settlement offer | 0.10 | 12.50 | PL |
| Oct-02-20 | Call with mediator re prospects of settlement | 0.30 | 105.00 | JG |
|  | Call with client regarding obtaining a tax ID | 0.20 | 25.00 | PL |
| Oct-16-20 | reviewed mediator's report that mediation did occur and was successful and setting date for submitting mediation status; directed staff to update case chart ; filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
|  | Reviewed email from Oc re offer of $26k, forwarded same to PL for relay to client | 0.20 | 70.00 | JG |
| Oct-19-20 | internal discussion of Plaintiff's acceptance of offer of $26k, relayed same to OC and mediator | 0.20 | 70.00 | JG |
|  | Call with client regarding defendant's latest settlement offer snd the nature of the offer | 0.40 | 50.00 | PL |
| Oct-20-20 | reviewed court order requiring parties to file fairness submission in order to dismiss the case with prejudice or appear at a case conference on a specific date; directed staff to update case chart ; filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |
| Oct-27-20 | recompile and file notice of acceptance | 0.10 | 35.00 | GN |
| Nov-12-20 | Drafted Settlement agreement | 0.90 | 315.00 | JG |
| Nov-13-20 | reviewed letters filed by defendants requesting additional time to file settlement agreement; directed staff to update case chart ; filed order in the proper folder for future reference | 0.30 | 135.00 | MF |
|  | reviewed court order granting request for extension of time for filing settlement agreement and fairness letter (load star); directed staff to update case chart ; filed notice in the proper folder for future reference | 0.30 | 135.00 | MF |

| | | | | |
|---|---|---|---|---|
| | competed draft of settlement agreement and transmitted to OC | 0.30 | 105.00 | JG |
| | reviwed OC's revisions to settlement agreement, transmitted fina version to OC | 0.30 | 105.00 | JG |
| | reviewed ECF bounce re request for extension to submit settlement agreement for approval | 0.10 | 35.00 | JG |
| Nov-18-20 | Call with client to come in and sign settlement agreement | 0.10 | 12.50 | PL |
| Nov-19-20 | arranged for client execution of settlement agreement | 0.10 | 35.00 | JG |
| Nov-23-20 | reviwed executed settlement agreement | 0.10 | 35.00 | JG |
| Nov-24-20 | Prepared Fairness Submission | 0.30 | 105.00 | JG |
| | Totals | 23.80 | $7,002.50 | |

## DISBURSEMENTS

| | |
|---|---|
| Filing Fee | 400.00 |
| Totals | $400.00 |

| | |
|---|---|
| **Total Fee & Disbursements** | **$7,402.50** |
| **Balance Now Due** | **$7,402.50** |